**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gabriel FUENTES–ROJAS,
Defendant–Appellant.**

No. 14–50165.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.*

Filed March 18, 2015.

Steve Miller, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Frederick Carroll, Law Offices of Frederick M. Carroll, San Diego, CA, for Defendant–Appellant.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Gabriel Fuentes–Rojas appeals from the district court's judgment and challenges the 27–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fuentes–Rojas contends that the district court procedurally erred by (1) relying on an improper sentencing factor; (2) focusing on deterrence to the exclusion of the other 18 U.S.C. § 3553(a) factors, and (3) failing to address adequately his policy argument. We review for plain error, see United States v. Valencia–Barragan, 608 F.3d 1103, 1108 (9th Cir.2010), and find no error. The record reflects that the district court properly considered the 18 U.S.C. § 3553(a) sentencing factors and did not rely on an impermissible factor. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc) ("The district court need not tick off each of the [sentencing] factors to show that it has considered them."). In addition, the district court listened to Fuentes–Rojas's mitigating arguments and recognized its discretion to vary from the Guidelines on policy grounds. See United States v. Ayala–Nicanor, 659 F.3d 744, 752–753 (9th Cir. 2011).

Fuentes–Rojas also contends that his below-Guidelines sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Fuentes–Rojas's sentence. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the totality of circumstances and the section 3553(a) sentencing factors, including the need to deter. See Gall, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.